**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HOMAYAN KABIR,
        *Plaintiff-Appellee,*

      v.

CNMI PUBLIC SCHOOL SYSTEM,
        *Defendant,*

      and

JONAS BARCINAS,
        *Defendant-Appellant.*

No. 08-16152

D.C. No.
1:-7-cv-00034

OPINION

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted
February 9, 2009—Honolulu, Hawaii

Filed July 1, 2010

Before: Stephen Reinhardt, Sidney R. Thomas, and
Kim McLane Wardlaw,[1] Circuit Judges.

Per Curiam Opinion

---

[1]This case was argued before Circuit Judges Reinhardt, Brunetti, and Thomas. Following the untimely death of Judge Brunetti, Judge Wardlaw was drawn by the Clerk of Court as a substitute judge pursuant to General Order 2(g).

---

## COUNSEL

David Lochabay, Office of the Attorney General, Saipan, Commonwealth of the Northern Mariana Islands, for the defendant-appellant.

Joseph E. Horey, O'Connor Berman Dotts & Banes, Saipan, Commonwealth of the Northern Mariana Islands, for the plaintiff-appellee.

---

## OPINION

PER CURIAM:

After hearing oral argument, we vacated submission and certified two legal questions to the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI"). We then stayed all proceedings pending receipt of the answer to the certified questions and withdrew the appeal from submission. We posed the following two questions on certification:

> 1. Does the Commonwealth Employees' Liability Reform and Tort Compensation Act of 2006 ("CELRTCA"), 2006 N. Mar. I. Pub. L. 15-22, cover employees accused of misconduct when the CNMI Attorney General certifies that the alleged misconduct did not take place at all? That is, does CNMI law follow the Supreme Court's decision in *Osborn v. Haley*, 549 U.S. 225 (2007)?

> 2. Does CELRTCA cover employees accused of sexual assault and battery, a tort traditionally understood to occur outside the scope of employment?

The Supreme Court graciously accepted our certification request. As to question one, the Supreme Court concluded that "the CNMI Attorney General may issue scope-of-employment certification under CELRTCA based on the factual determination that the alleged tortious conduct did not occur subject to the caveat that certification is subject to judicial review. That is, CNMI law follows the U.S. Supreme Court's decision in *Obsorn v. Haley*, 549 U.S. 225 (2007)." *Kabir v. CMNI Public School System*, No. 2009-SCC-0037-CQU, 2009 MP 19, ¶ 49 (N.M.I. Dec. 31, 2009).

As to question two, the Supreme Court concluded that, "CELRTCA covers government employees sued for negligent or wrongful conduct arising from actions taken within the scope of employment—including intentional torts—but under CNMI law, intentional torts will ordinarily fall outside the scope of employment." *Id.*

Having received the answer to the certified questions, which are dispositive of this appeal, we hereby resubmitted the appeal for decision.

The reasoning of the CNMI Supreme Court is self-explanatory and dispositive. The judgment of the district court is vacated, and the case remanded. On remand, Kabir has the

opportunity to challenge the Attorney General's certification through an evidentiary hearing. *Kabir*, 2009 MP 19, ¶ 31; *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

VACATED and REMANDED.